# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

JARRON WADE DURIELLE BUIE,

    Plaintiff,

      v.

MATTHEW L. MILLER, et al.,

    Defendants.

CIVIL NO. 4:25-CV-00574

(Magistrate Judge Latella)

## REPORT AND RECOMMENDATION

*Pro se* Plaintiff Jarron Wade Durielle Buie initiated this civil rights action by the filing of a Complaint together with an application to proceed *in forma pauperis* (IFP) on March 31, 2025. (Docs. 1 and 2). Although the Plaintiff named a staggering number of Defendants, over thirty, the Complaint failed to make a single allegation against any of the thirty-two Defendants. Accordingly, on January 14, 2026, a screening order was issued explaining how to plead a Section 1983 claim consistent with the Federal Rules of Civil Procedure. (Doc. 15). Plaintiff was given twenty-one days in which to file an amended complaint. He did not. On May 13, 2026, a second Order was issued giving Plaintiff one last opportunity to amend his Complaint. Plaintiff

1

failed to take advantage of that opportunity. Because the Complaint fails to make any allegations against any of the named Defendants, it will be recommended that it be dismissed with prejudice.

## I.    Procedural History

Plaintiff, Jarron Wade Durielle Buie, initiated this action by filing a p*ro se* Complaint pursuant to 42 U.S.C. § 1983 on March 31, 2025. (Doc. 1). He also filed an incomplete application to proceed *in forma pauperis* (IFP). (Doc. 2). After having been directed to do so, Plaintiff filed a complete application that was granted by Order dated May 9, 2025, but service of the Complaint was held in abeyance pending preliminary screening pursuant to 28 U.S.C. § 1915A.[1] (Doc. 12). In conducting the required preliminary review of the Complaint, several deficiencies were noted. Accordingly, by Order dated January 14, 2026, this *pro se* Plaintiff was given extensive pleading guidance and an opportunity to file an Amended Complaint curing any deficiencies. (Doc. 15). Plaintiff did not amend his Complaint. He was given a

---

[1] The Matter was reassigned to the Undersigned on June 10, 2025.

second opportunity to do so by Order dated May 13, 2026, and, again, failed to file an amended complaint.

## II.    Background

Although the Complaint, submitted using the Court's standard *pro se* prisoner form, names thirty-two separate Defendants, it makes no allegations against any of them.  (Doc. 1, p. 7).  In response to the questions when and where the incident giving rise to the claim occurred, Plaintiff responded his home in Muncy, Pennsylvania, and although he listed December 28th as the date of the incident, he failed to specify the year.  (*Id*.).  The substance of the Complaint is contained in a single paragraph narrative that reads as follows:

> 222 Ban Road Muncy PA, 17756 My home where I saw my daughter's THC vape pens, the day before new year's eve when she wasn't home, when she did get home an notice her Weed pens were missing she waited on the second time when her mother had to go to the hospital when I had my new born daughter to lash out on me while I was lock in the bedroom with my daughter. I was told that me and my child's mother Nicole Kitka that we would both speak with the case worker together about these false allegations but instead I was told to up and leave my residence with family have to drive out of state randomly pick me up God willingly, and losing my job an having to temporarily Move an relocate and keep in

> contact with a state trooper about my situation and status which he stated that I had the current option of coming in to talk to him or not.  I was made out to look like something I wasn't in all their paperwork.  They arrested me at my new current job near my mother and stepfather in North Carolina April 20th 2023.  And the Lycoming County Prison staff in some shape way or form was preventing me from getting my current federal paperwork out, and would not allow my minor messes on here to be covered with whiteout to try to make it more neater.

(Do, 1, p. 7)(errors in the original).  In the section on the form where requested relief is to be stated, Plaintiff stated: "Dismiss with prejudice, both types of relief for my family."[2]  (Doc. 1, p. 8).

## III.   Applicable Standards

### A. Preliminary Screening

Because Plaintiff is proceeding *in forma pauperis*, the Court is required to conduct a preliminary review of the Complaint.  See 28 U.S.C. § 1915(e)(2)(B) (requiring *sua sponte* dismissal of actions which are "(i) frivolous or malicious; (ii) fail[] to state a claim upon which relief

---

[2] While Plaintiff does not state what he seeks to have dismissed, the public Docket in *Commonwealth v. Jarron Wade Duriel Buie*, Lycoming County Docket Number: CP-41-CR-0000800-2023 indicates that Plaintiff is currently detained pending trial on 50 counts of rape of a child and over 1,000 counts of related charges.

may be granted; or (iii) seek[] monetary relief against a defendant who is immune from such relief.").

In considering whether a complaint states a claim upon which relief can be granted, the Court employs the same standard applicable to motions to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), *Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Conclusory allegations do not suffice. *Id.* If the case fails to state a claim, the screening may result in dismissal.

### B. Rule 12(b)(6) Standard

Rule 12(b)(6) of the Federal Rules of Civil Procedure allows a defendant to move to dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). This means that a complaint may be dismissed if it does not present sufficient facts to support a plausible claim: "Under Rule 12(b)(6), a motion to dismiss may be granted only if, accepting all well-pleaded allegations in the

5

complaint as true and viewing them in the light most favorable to the plaintiff, a court finds that plaintiff's claims lack facial plausibility." *Warren Gen. Hosp. v. Amgen, Inc.*, 643 F.3d 77, 84 (3d Cir. 2011) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007)).

The court must accept both the plaintiff's allegations and any reasonable inferences that can be drawn as true and construe them in the light most favorable to the non-moving party. *Monroe v. Beard*, 536 F.3d 198, 205 (3d Cir. 2008). However, it need not accept "'unsupported conclusions and unwarranted inferences, or a legal conclusion couched as a factual allegation.'" *Morrow v. Balaski*, 719 F.3d 160, 165 (3d Cir. 2013) (quoting *Baraka v. McGreevey*, 481 F.3d 187, 195 (3d Cir. 2007)). Reciting the elements that make up a cause of action and supporting them with "mere conclusory statements" is insufficient to give those statements the presumption of truth. McNeilly v. City of Pittsburgh, 40 F. Supp. 3d 643, 650 (W.D. Pa. 2014) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

When faced with a motion to dismiss pursuant to 12(b)(6), a court should conduct a two-part analysis: 1) separate the factual and legal

6

elements of a claim; and 2) "determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a plausible claim for relief." Id. (internal citation removed). The court may consider facts alleged on the face of the complaint, as well as "documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Tellab, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007). This analysis requires the court to look at the claims on a case-by-case basis and rely both "on its judicial experience and common sense." *McNeilly*, 40 F. Supp. 3d at 650. The court will not be reaching legal conclusions, but instead will merely determine "whether the plaintiff should be permitted to offer evidence in support of the allegations." *Id.* (citing *Maio v. Aetna*, 221 F.3d 472, 482 (3d Cir. 2000)).

## IV. Discussion

### A. 42 U.S.C. § 1983.

"Section 1983 imposes civil liability upon any person who, acting under the color of state law, deprives another individual of any rights, privileges, or immunities secured by the Constitution or laws of the

United States." *Shuman v. Penn Manor School Dist.*, 422 F.3d 141, 146 (3d Cir. 2005). Section 1983 "does not create any new substantive rights but instead provides a remedy for the violation of a federal constitutional or statutory right." *Id.* To establish a claim under § 1983, the plaintiff must establish a deprivation of a federally protected right and that this deprivation was committed by a person acting under color of state law. *Woloszyn v. County of Lawrence*, 396 F.3d 314, 319 (3d Cir. 2005). The requirement that a defendant act under color of state law is essential in order to establish a claim under § 1983. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 150 (1970).

Liability in a 42 U.S.C. § 1983 action is personal in nature, and to be liable, a defendant must have been personally involved in the wrongful conduct. Thus, *respondeat superior* cannot form the basis of liability. *Jutrowski v. Twp. Of Riverdale*, 904 F.3d 280, 290 (3d Cir. 2018). In other words, "each Government official, his or her title notwithstanding, is only liable for his or her own misconduct." *Iqbal*, 556 U.S. at 677. And so, a constitutional deprivation cannot be premised merely on the fact that the defendant was a supervisor when

8

the incidents set forth in the complaint occurred. *See Alexander v. Forr,*

*297 F. App'x* 102, 104–05 (3d Cir. 2008). Rather, "[b]ecause vicarious

liability is inapplicable to *Bivens* and § 1983 suits, a plaintiff must

plead that each Government-official defendant, through the official's

own individual actions, has violated the Constitution." *Iqbal*, 556 U.S.

at 676.

The Complaint fails to make a single allegation against any of the

named Defendants and therefore fails to state a viable claim under

Section 1983. Accordingly, it will be recommended that the Complaint

be dismissed.

### B. Leave to Amend

The Third Circuit has voiced a strong preference for allowing the

filing of an amended complaint in cases where the original complaint is

subject to dismissal. In *Montanez v. Price*, 154 F.4th 127, 153 (3d Cir.

2025), the Court instructed:

> Federal Rule of Civil Procedure 15(a)(2) directs courts to
> grant motions for leave to amend "when justice so
> requires." So leave to amend should be liberally given
> unless amendment would be inequitable or futile. *Long v.*

9

*Wilson*, 393 F.3d 390, 400 (3d Cir. 2004); *Phillips*, 515 F.3d at 245. And because courts have a special obligation to be "more forgiving of pro se litigants," *Garrett v. Wexford Health*, 938 F.3d 69, 92 (3d Cir. 2019), this Circuit has a "longstanding policy of allowing pro se plaintiffs to amend their complaints before the court rules upon defendants' motions to dismiss," *Roman v. Jeffes*, 904 F.2d 192, 196 n.8 (3d Cir. 1990) (collecting cases).

Plaintiff's one-paragraph narrative is essentially unintelligible and makes no specific allegations against any of the named defendants. Plaintiff was given two opportunities to amend after having been given extensive pleading guidance and failed to do so. Amendment would be futile, therefore, it will be recommended that leave to amend not be granted.

## RECOMMENDATION

Based on the foregoing, it is respectfully recommended that this case be dismissed with prejudice and that leave to amend not be granted.

Dated: June 15, 2026                  *s/ Leo A. Latella*
                                      **LEO A. LATELLA**
                                      **United States Magistrate Judge**

10

# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

JARRON WADE DURIELLE BUIE,

Plaintiff,

v.

MATTHEW L. MILLER, et al.,

Defendants.

CIVIL NO. 4:25-CV-574

(Magistrate Judge Latella)

## NOTICE

**NOTICE IS HEREBY GIVEN** that the undersigned has entered the foregoing **Report and Recommendation** dated **June 15, 2026**.

Any party may obtain a review of the Report and Recommendation pursuant to Rule 72.3, which provides:

> Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636(b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within fourteen (14) days after being served with a copy thereof. Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections. The briefing requirements set forth in Local Rule 72.2 shall apply. A judge shall make a *de novo*

11

determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record. The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

**Dated: June 15, 2026**               *s/ Leo A. Latella*
                                       **LEO A. LATELLA**
                                       **United States Magistrate Judge**

12