## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

JARRON WADE DURIELLE BUIE,   :   No. 4:25cv574
      Plaintiff             :

                             :   (Judge Munley)

   v.                       :

                             :   (Magistrate Judge Latella)

MATTHEW L. MILLER, *et al.*,    :
      Defendants           :

## ORDER

Presently before the court is the Report and Recommendation ("R&R") of Magistrate Judge Leo J. Latella recommending that Plaintiff Jarron Wade Durielle Buie's *pro se* complaint be dismissed with prejudice due to the plaintiff's failure to file an amended complaint. (Doc. 17). No objections have been filed and the time for such filing has passed.

In deciding whether to adopt the report and recommendation when no timely objection is filed, the court must determine if a review of the record evidences plain error or manifest injustice. FED. R. CIV. P. 72(b), 1983 Advisory Committee Notes ("When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record to accept the recommendation"); see also 28 U.S.C. § 636(b)(1); Sullivan v. Cuyler, 723 F.2d 1077, 1085 (3d Cir. 1983).

After a careful review, the court finds neither clear error on the face of the record nor a manifest injustice, and therefore, the court shall accept the R&R and adopt it in its entirety.

If a plaintiff fails to prosecute a case or comply with court orders, district court judges are empowered to dismiss an action pursuant to Federal Rule of Civil Procedure 41(b) and its own inherent authority to manage the docket for the orderly and expeditious disposition of cases. See R & C Oilfield Servs. LLC v. Am. Wind Transp. Grp. LLC, 45 F.4th 655, 661 (3d Cir. 2022) (citing Link v. Wabash R.R. Co., 370 U.S. 626, 630–31(1962)).  Decisions regarding dismissal of actions on these grounds rest in the sound discretion of the court and will not be disturbed absent an abuse of that discretion. Emerson v. Thiel Coll., 296 F.3d 184, 190 (3d Cir. 2002).  Such discretion is regulated by the required balancing of several factors: (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense. Poulis v. State Farm Fire & Cas. Co., 747 F.2d 863, 868 (3d Cir. 1984).

First, courts "should gauge a party's knowledge before dismissing the case[.]" United States v. Brace, 1 F.4th 137, 144 (3d Cir. 2021).  Buie proceeds pro se in this case.  He is personally responsible for not filing a second amended complaint as ordered.  This factor weighs in favor of dismissal.  Regarding the second Poulis factor, there is limited prejudice to defendant since this matter initially failed screening under 28 U.S.C. § 1915(e)(2)(B)(ii).  This factor weighs against dismissal.  But "there is no magic formula or mechanical calculation with regard to the Poulis analysis. In fact, no single Poulis factor is dispositive, and... not all of the Poulis factors need be satisfied in order to dismiss a complaint." In re Asbestos Prods. Liab. Litig. (No. VI), 718 F.3d 236, 246 (3d Cir. 2013) (citations, quotation marks, and brackets omitted).

The third Poulis factor considers a history of dilatoriness, and the fourth Poulis factor considers whether plaintiff's conduct was willful or in bad faith. Here, despite being advised that he needed to plead additional facts to state a claim against the defendant, Buie failed to file an amended complaint by the court-imposed deadline. This action cannot move forward on the one page of cryptic allegations provided to date.  By disobeying the court's orders, (Docs. 15–16), Buie has stopped this case in its tracks. Such conduct reflects dilatoriness and willfulness and supports dismissal of this action.

3

As for the availability of alternative sanctions, the fifth Poulis factor, plaintiff is *pro se* and proceeds *in forma pauperis*. Fines or other monetary sanctions would not be effective in this case. The only sanction available to the court is dismissal. Meritoriousness is the sixth and final Poulis consideration, and it is of paramount importance. See Knoll v. City of Allentown, 707 F.3d 406, 409 (3d Cir. 2013). "A claim...will be deemed meritorious when the allegations of the pleadings, if established at trial, would support recovery by plaintiff[.]" Poulis, 747 F.2d at 869–70. Here, in providing plaintiff with leave to amend, the court believed that plaintiff could potentially state a plausible claim against the defendant. As detailed above, however, rather than attempt to move this case forward for consideration on its merits, plaintiff has taken a different approach. He appears willing to stand on the allegations of his complaint. Those allegations fall short of stating a meritorious claim as detailed by Magistrate Judge Latella in the R&R. Rather, it appears that the plaintiff is impermissibly attempting to use a federal civil rights action to dismiss his state-level criminal charges. Because plaintiff has refused to allege facts to demonstrate that his case has merit, dismissal of this action with prejudice is the appropriate sanction.

Accordingly, it is hereby **ORDERED** as follows:

1) The R&R (Doc. 17) is **ADOPTED**;

4

2) Plaintiff's complaint, (Doc. 1) is **DISMISSED** with prejudice under 28 U.S.C.

§ 1915(e)(2)(B)(ii) after an analysis of the Poulis factors; and

3) The Clerk of Court is directed to close this case.

BY THE COURT:

Date: _7/7/26_

_____
JUDGE JULIA K. MUNLEY
United States District Court